```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

JOHN W. COLLINS,                )
                                )
            Plaintiff,          )
                                )
v.                              )     Case No. CIV-13-310-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff John W. Collins (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 18, 1957 and was 55 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. Claimant has worked in the past as a truck driver. Claimant alleges an inability to work beginning July 11, 2008 due to limitations resulting from back problems, high blood pressure, feet and leg problems, arm problems, breathing

problems, chest pain, diabetes, kidney problems, and dizziness.

**Procedural History**

On July 29, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. Claimant requested a hearing but the request was dismissed when Claimant asked to withdraw it. The Appeals Council remanded the case after vacating the dismissal on October 25, 2010. The remand order also consolidated a subsequent application filed May 27, 2010 with the other applications. The Administrative Law Judge ("ALJ") denied the applications on October 4, 2011.

The Appeals Council remanded the case with instructions on May 2, 2012. On November 8, 2012, an administrative hearing by video was held before ALJ Doug Gabbard, II. On November 29, 2012, the ALJ issued a partially favorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on May 9, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a range of light work with limitations prior to March 18, 2012.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) failing to include all of his severe impairments at step two; (3) failing to find Claimant's impairments met a listing; (4) reaching an improper RFC determination; and (5) making erroneous findings at step five.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, chronic obstructive pulmonary disease ("COPD"), a learning disorder, and depression. (Tr. 25). The ALJ also found Claimant retained the RFC to perform a range of light work. In so doing, the ALJ determined Claimant could occasionally lift/carry 20 pounds and frequently lift/carry up to 10 pounds, stand and/or walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday, but must be allowed to alternatively sit and stand at will. He found Claimant must avoid all exposures to fumes, odors, dust, gases, poor ventilation, heat, and humidity. He could perform simple, unskilled work, which does

5

not require interaction with the general public. (Tr. 29). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of parking lot attendant and booth cashier which the expert testified existed in sufficient numbers in the regional and national economies. (Tr. 36). After March 18, 2012, the ALJ determined Claimant moved into the advanced age category and was, therefore, disabled. (Tr. 35). Consequently, this appeal concerns the period between Claimant's onset date of July 11, 2008 through March 18, 2012.

Claimant first contends the ALJ should have ordered a consultative examination of his pulmonary function in order to comply with the remand order of the Appeals Council. The Appeals Council found in its May 2, 2012 remand order that Claimant's COPD and emphysema impairments were not evaluated in the ALJ's decision. The Appeals Council recognized that Claimant's representative submitted a spirometry report dated June 8, 2009 which indicated severe obstruction and that further information was needed to ascertain the severity of the impairment. (Tr. 145). On remand, the ALJ was directed, *inter alia*, to "[o]btain additional evidence concerning the claimant's respiratory and mental impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and

existing medical evidence . . . ."

The only additional evidence germane to Claimant's pulmonary condition considered by the ALJ in this latest decision are the treatment notes showing oxygen saturation levels ranging from 95% to 97%. (Tr. 697, 700). The question remaining is whether the ALJ should have ordered a consultative examination on Claimant's pulmonary functioning. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993).

The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Additional testing and consultative evaluation may be required if the medical evidence is in conflict or is inconclusive. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997); 20 C.F.R. § 404.1519a(b)(4). Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

The medical evidence from June 8, 2009 indicated Claimant had

8

pulse oximetry of 97%. (Tr. 529). However, his spirometry report demonstrated Claimant's best FVC (Forced Vital Capacity) was 2.34 and his FEV1 (Forced Expiratory Volume in 1 Second) was 1.52 showing severe obstruction. (Tr. 663). This conflicting evidence has not been resolved with the inclusion of the subsequent evidence. On remand, the ALJ should consider employing the services of a consultative pulmonary examiner in order to ascertain the precise level of functional limitation caused by Claimant's condition.

**Step Two Analysis**

Claimant also asserts the ALJ should have found his diabetes and associated neuropathy as severe impairments. He also contends the ALJ should have considered his degenerative disc and joint disease with back pain to be impairments of severe nature.

Since the ALJ determined Claimant suffered from other severe impairments, the sole question presented by Claimant's arguments is whether the inclusion of these other claimed impairments limits his ability to engage in basic work activities. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is

one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his

10

> physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

On November 2, 2009, Dr. Christopher Hardin found Claimant had numbness and tingling of the left arm and hand. He was diagnosed with peripheral neuropathy that was progressively worsening and of moderate intensity. (Tr. 650). The Physical Residual Functional Capacity Evaluation by Dr. Terry Hoyt dated February 1, 2012 supports some of these limitations. (Tr. 683-85). Similarly, Claimant has suffered from decreased range of motion with back pain. (Tr. 480, 489). It does not appear that these limitations are accommodated in the ALJ's RFC assessment. On remand, the ALJ shall re-examine whether these conditions should provide further functional limitations which should be included in the RFC.

**Listings**

Claimant asserts the ALJ should have found his pulmonary problems to meet a listing. On remand, the ALJ shall re-evaluate whether the spirometry performed on Claimant would meet a listing.

**RFC Determination**

This Court has already determined that the ALJ should reconsider his RFC evaluation in light of the totality of Claimant's impairments.

**Step Five Evaluation**

Claimant contends the ALJ did not include all of the impairments in his hypothetical questioning of the vocational expert. A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). On remand, the ALJ shall insure that

12

Claimant's impairments and functional limitations are included in the questioning.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE